NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
                                    :
MITCHELL S. MCNEILL,                :
                                    :
              Plaintiff,            :       Civil No. 06-4979 (RMB)
                                    :
        v.                          :
                                    :
ATLANTIC COUNTY JAIL, et al.,:
                                    :              OPINION
              Defendants.           :
                                    :
```

APPEARANCES:

    MITCHELL S. MCNEILL, #143335, Plaintiff pro se
    Atlantic County Jail
    5060 Atlantic Avenue
    Mays Landing, New Jersey  08330

BUMB, District Judge

    Plaintiff Robert R. Hill, a pretrial detainee confined at
the Atlantic County Jail, seeks to bring this action in forma
pauperis pursuant to 28 U.S.C. § 1915.  The Court will direct the
Clerk to reopen the file and grant the application to proceed in
forma pauperis.  Having thoroughly reviewed Plaintiff's
allegations, as this Court is required to do, see 28 U.S.C. §§
1915(e)(2)(B) and 1915A(b)(1), the Court will dismiss the
Complaint without prejudice to the filing of an amended
complaint.

## I.  BACKGROUND

Plaintiff asserts violations of his constitutional rights against the Atlantic County Jail and the Atlantic County Public Defender's Office.  His statement of claims is set forth below:

> I have Hepatitis C (confirm[ed] this in [illegible] & Atlantic Ave Mission Clinic.) I have been not treated.  I have had lengthy delays in [illegible] hearings by public defender.  County jail did not treat my medical condition, Public Defender did not expedite my hearing.

(Compl. ¶ 4.)  For relief, Plaintiff seeks release and damages.

## II.  STANDARD FOR SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  A claim is frivolous if it "lacks even an

2

arguable basis in law" or its factual allegations describe
"fantastic or delusional scenarios." Neitzke v. Williams, 490
U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194
(3d Cir. 1990). "Given the Federal Rules' simplified standard
for pleading, '[a] court may dismiss a complaint only if it is
clear that no relief could be granted under any set of facts that
could be proved consistent with the allegations." Swierkiewicz
v. Sorema N.A., 534 U.S. 506, 514 (2002) (quoting Hishon v. King
& Spalding, 467 U.S. 69, 73 (1984)); see also Thomas v.
Independence Tp., 463 F.3d 285, 296-97 (3d Cir. 2006); Alston v.
Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004). Under the notice
pleading standard, a plaintiff need not set out in detail the
facts upon which his claim for relief is based, but need only
provide a statement sufficient to put the opposing party on
notice of his claim. See, e.g., Foulk v. Donjon Marine Co., 144
F.3d 252, 256 (3d Cir. 1998).

### III. DISCUSSION

Federal courts are courts of limited jurisdiction. See
Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884).
"[T]hey have only the power that is authorized by Article III of
the Constitution and the statutes enacted by Congress pursuant
thereto." Bender v. Williamsport Area School Dist., 475 U.S.
534, 541 (1986). A district court may exercise jurisdiction over
"Cases, in Law and Equity, arising under this Constitution, the

3

Laws of the United States, and Treaties made, or which shall be made, under their authority."  U.S. Const. art. III., § 2; <u>see also</u> 28 U.S.C. § 1331.

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law.  Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of
> any State or Territory . . . subjects, or
> causes to be subjected, any citizen of the
> United States or other person within the
> jurisdiction thereof to the deprivation of
> any rights, privileges, or immunities secured
> by the Constitution and laws, shall be liable
> to the party injured in an action at law,
> suit in equity, or other proper proceeding
> for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements:  (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  <u>See</u> <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 152 (1970); <u>Sample v. Diecks</u>, 885 F.2d 1099, 1107 (3d Cir. 1989).

4

A.  Medical Care

Pretrial detainees have a right under the Due Process Clause of the Fourteenth Amendment to adequate medical care, and the Eighth Amendment acts as a floor for due process inquiries into medical conditions of pretrial detainees.  See Hubbard v. Taylor, 399 F.3d 150, 166 (3d Cir. 2005).  While "the due process rights of a [pretrial detainee] are at *least* as great as the Eighth Amendment protections available to a convicted prisoner, id. (citation omitted), the proper standard for examining such claims is the standard set forth in Bell v. Wolfish, 441 U.S. 520 (1979) i.e., whether the inadequate medical treatment amounted to punishment prior to an adjudication of guilt.

The Due Process Clause of the Fourteenth Amendment prohibits punishment of a pretrial detainee prior to an adjudication of guilt in accordance with due process of law.  See Bell, 441 U.S. at 535.[1]  "Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if

---

[1] "[T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law.  Where the State seeks to impose punishment without such an adjudication, the pertinent constitutional guarantee is the Due Process Clause of the Fourteenth Amendment." Bell v. Wolfish, 441 U.S. 520, 537, n.16 (1979) (quoting Ingraham v. Wright, 430 U.S. 651, 671-72, n.40 (1977)); see also  City of Revere v. Massachusetts General Hospital, 463 U.S. 239, 244 (1983).

they are discomforting and are restrictions that the detainee
would not have experienced had he been released while awaiting
trial." Bell, 441 U.S. at 540.  "In assessing whether the
conditions are reasonably related to the assigned purposes, [a
court] must further inquire as to whether these conditions cause
[inmates] to endure [such] genuine privations and hardship over
an extended period of time, that the adverse conditions become
excessive in relation to the purposes assigned to them."  Hubbard
v. Taylor, 399 F.3d 150, 159 (3d Cir. 2005) (quoting Union County
Jail Inmates v. DiBuono, 713 F.2d 984, 992 (3d Cir. 1983)).

     In previous cases, the United States Court of Appeals for
the Third Circuit has not applied a different standard than that
set forth in Estelle v. Gamble, 429 U.S. 97 (1976), (pertaining
to prisoners' claims of inadequate medical care under the Eighth
Amendment) when evaluating whether a claim for inadequate medical
care by a pretrial detainee is sufficient under the Fourteenth
Amendment.  See Natale v. Camden County Correctional Facility,
318 F.3d 575, 581 (3d Cir.2003) (citation omitted).  This Court
will therefore evaluate the Fourteenth Amendment claim for
inadequate medical care under the Eighth Amendment standard, set
forth in Estelle, used to evaluate similar claims.

     To establish a violation of the right to adequate medical
care under the Eighth Amendment, a prisoner "must show (i) a
serious medical need, and (ii) acts or omissions by prison

6

officials that indicate deliberate indifference to that need."
Natale v. Camden County Correctional Facility, 318 F.3d 575, 582
(3d Cir. 2003); see also Estelle v. Gamble, 429 U.S. 97 (1976).
A medical need is serious if it has been diagnosed by a physician
as requiring treatment or "if unnecessary and wanton infliction
of pain, . . . results as a consequence of denial or delay in the
provision of adequate medical care, the medical need is of the
serious nature contemplated by the Eighth Amendment.'" Atkinson
v. Taylor, 316 F.3d 257, 266 (3d Cir. 2003) (quoting Monmouth
County Correctional Institutional Inmates v. Lanzaro, 834 F.2d
326, 347 (3d Cir. 1987)).

An official may be found deliberately indifferent where he
"knows of and disregards an excessive risk to inmate health or
safety." Natale, 318 F.3d at 582 (quoting Farmer v. Brennan, 511
U.S. 825, 837 (1994)). "Where prison authorities deny reasonable
requests for medical treatment, however, and such denial exposes
the inmate to undue suffering or the threat of tangible residual
injury, deliberate indifference is manifest." Lanzaro, 834 F.2d
at 347. In addition, deliberately delaying necessary medical
care when the delay causes an increased risk of harm constitutes
deliberate indifference that is actionable. Id.; Estelle v.
Gamble, 429 U.S. 97 (1976); Durmer v. O'Carroll, 991 F.2d 64 (3d
Cir. 1993); White v. Napoleon, 897 F.2d 103 (3d Cir. 1990).

In this case, Plaintiff asserts that he has been diagnosed with Hepatitis C, which is a serious medical need.  However, the facts alleged in the Complaint do not show that any person was deliberately indifferent.  Moreover, Plaintiff names only the Atlantic County Jail and the Atlantic County Public Defender's Office as defendants, and a county jail is not a "person" subject to suit under 42 U.S.C. § 1983.[2]  See Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993); McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890, 893-894 (E.D. Va. 1992).  Thus, as written, the Complaint fails to state a claim of deliberate indifference to a serious medical need.

However, the facts alleged in the Complaint do not foreclose the possibility that one or more prison officials was deliberately indifferent to Plaintiff's Hepatitis C condition.  If that is the case, then Plaintiff may be able to state a cognizable Due Process claim by filing an amended complaint and

---

[2] Even if this Court were to construe the Atlantic County to be a named defendant, the Complaint fails.  A local government entity "cannot be held liable solely because it employs a tortfeasor."  Monell v. New York City Dept. of Social Services, 436 U.S. 658, 691 (1978).  "[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts and acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."  Id. at 694.  If Plaintiff files an amended complaint, he may elect to name as defendants the individuals who were allegedly involved in the wrongdoing.  See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior").

naming additional persons.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-111 (3d Cir. 2002) (unless amendment would be futile, district court may not dismiss complaint without permitting amendment).  The dismissal of the Complaint will therefore be without prejudice to the filing of an amended complaint.  If Plaintiff files an amended complaint within 45 days of the date of the entry of the Order accompanying this Opinion, then this Court will reopen the file and screen the amended complaint for dismissal.

B.  Public Defender

    Plaintiff complains that his public defender did not expedite his criminal hearing. "Although a private [person] may cause a deprivation of . . . a right, [she] may be subjected to liability under § 1983 only when [she] does so under color of law." Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995) (quoting Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 156 (1978)).  In Polk County v. Dodson, 454 U.S. 312 (1981), the Supreme Court held that a public defender, though paid and ultimately supervised by the state, does not act under color of state law when performing the traditional functions of counsel to a criminal defendant.  See also Angelico v. Lehigh Valley Hospital, Inc., 184 F.3d 268, 277 (3d Cir. 1999).  Because the acts and omissions complained of concern the traditional functions of a criminal defense attorney, Plaintiff's public

defender was not acting under color of state law and the claim against the public defender will be dismissed.

### IV.  CONCLUSION

The Court grants Plaintiff's application to proceed in forma pauperis and dismisses the Complaint, without prejudice to the filing of an amended complaint.


s/Renée Marie Bumb
RENEE´ MARIE BUMB
United States District Judge

Dated: April 12, 2007

10